Filed 11/1/21  P. v. Mendoza CA3

<u>NOT</u> <u>TO</u> <u>BE</u> <u>PUBLISHED</u>

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(San Joaquin)

----

| | |
|---|---|
| THE PEOPLE, | C089455 |
| Plaintiff and Respondent, | (Super. Ct. Nos. STK-CR-FE-2011-0004791, SF115887B) |
| v. | |
| EMMANUEL MATHEW MENDOZA, | |
| Defendant and Appellant. | |

In 2012, a jury found defendant Emmanuel Mathew Mendoza guilty of first degree murder with a special circumstance that he had been engaged in an attempted robbery, plus enhancements.  We affirmed the judgment on appeal.  (*People v. Mendoza et al.* (June 3, 2014, C071775) [nonpub. opn.] (*Mendoza*).)

On March 28, 2019, defendant sought resentencing pursuant to Penal Code section 1170.95[1] in light of changes brought about by Senate Bill No. 1437 (2017-2018 Reg.

---

[1]    Undesignated statutory references are to the Penal Code.

Sess.) (Senate Bill 1437), which amended sections 188 and 189 to limit the scope of liability for murder on a felony-murder theory. The trial court denied the petition, finding defendant was barred from relief because the jury found that if defendant was not the actual killer, he was a major participant in aiding and abetting the attempted robbery who acted with reckless indifference to human life.

Defendant appeals the denial of the petition, arguing that under *People v. Banks* (2015) 61 Cal.4th 788, and *People v. Clark* (2016) 63 Cal.4th 522, the evidence is legally insufficient to prove that he was a major participant who acted with reckless indifference to human life and, thus, the trial court erroneously denied his petition. We will affirm the order denying defendant's petition for resentencing

BACKGROUND

The relevant facts are taken from our unpublished opinion in *Mendoza*. One evening in September 2010, codefendant Edgar Jose Conseco asked his friend, Kevin P., and Kevin P.'s girlfriend for a ride. Kevin P. was wearing jewelry and accessories, including a gold crown front dental cap, valued at approximately $3,000. His car console also contained an imitation Rolex and a bracelet valued at approximately $3,495. Kevin P. and his girlfriend picked up Conseco, who began texting in the backseat and eventually asked to be returned to the cul-de-sac where he was picked up to get "something" from a friend. When they arrived, defendant was standing there, and he got in the backseat of the car. Less than one minute later, a man wearing a mask appeared at the driver's side window holding a long gun and demanded Kevin P.'s property. Kevin P. began tussling with the masked man for control of the weapon, while both defendants tried to restrain Kevin P. from the backseat. As the girlfriend ran away from the car, she heard a single gunshot. The defendants and masked man ran away. Kevin P. died from a gunshot wound. Conseco's phone later revealed text messages between himself and defendant prior to the shooting, coordinating their meet up in the cul-de-sac, wherein defendant texted Conseco, instructing him to pretend that he was picking up a

2

"bag" (presumably of marijuana) from him. Conseco also texted with a person nicknamed Taz before the shooting, assuring Taz that "he" was not armed and informing Taz that "he" was wearing a gold crown front dental cap.

The jury was instructed with CALCRIM No. 703 that to find the special circumstance allegation true, it had to find that defendant was the actual killer, acted with intent to kill, or was a major participant who acted with reckless indifference to human life.[2] The jury found defendant guilty of first degree murder with a special circumstance that he had been engaged in robbery (§§ 187, subd. (a), 190.2, subd. (a)(17)(A)) and attempted second degree robbery (§§ 664, 112), and further found true the allegation that the principal in the offenses was armed with a firearm (§ 12022, subd. (a)(1)), and that defendant committed both offenses for the benefit of, at the direction of, and in association with, a criminal street gang. (§ 186.22, subd. (b)(1).) Thereafter, the trial court sentenced defendant to life without the possibility of parole for murder, plus eight years, in state prison. On appeal, we affirmed defendant's convictions, and specifically found that the jury's special circumstance finding was legally applicable to defendant and was supported by substantial evidence.

In March 2019, defendant filed a petition for resentencing under section 1170.95. The declaration attached to his petition stated that (1) an information was filed against

---

**2**    As relevant here, CALCRIM No. 703, as given, provides: "If you decide that a defendant is guilty of first degree murder but was not the actual killer, then, when you consider the special circumstances of Murder While Engaged in Attempted Robbery, you must also decide whether the defendant acted either with intent to kill or with reckless indifference to human life. [¶] In order to prove this special circumstance for a defendant who is not the actual killer but who is guilty of first degree murder as an aider and abettor or a member of a conspiracy, the People must prove either that the defendant intended to kill, or the People must prove all of the following: [¶] 1. The defendant's participation in the crime began before or during the killing; [¶] 2. The defendant was a major participant in the crime; [¶] AND [¶] 3. When the defendant participated in the crime, he acted with reckless indifference to human life."

3

him that allowed the prosecution to proceed under a theory of first degree felony murder; (2) he was convicted by jury of first degree murder pursuant to the felony-murder rule and/or the natural and probable consequences doctrine, with the jury finding the special circumstance allegation to be true; and (3) he could not now be convicted of murder because of the changes made to sections 188 and 189, effective January 1, 2019, because he was not the actual killer, did not, with the intent to kill, aid, abet, counsel, command, induce, solicit, request, or assist the actual killer in the commission of first degree murder, and was not a major participant who acted with reckless indifference to human life during the course of the crime. Defendant did not request appointment of counsel.

In his petition, defendant conceded that the jury necessarily found his robbery-murder special circumstance allegation true. However, his petition argued that the jury's special circumstance finding is no longer supported by substantial evidence in light of *Banks* and *Clark*, in which the court construed "major participant" and "reckless indifference to human life" in a manner that differed from earlier constructions of these phrases.

The trial court, relying on our *Mendoza* opinion and the jury instructions from defendant's trial, denied the petition. It concluded that because the jury found the robbery special circumstance true, it necessarily found defendant was a major participant in the crime who acted with reckless indifference to human life. It further relied on the language from our opinion that substantial evidence supported the jury's finding that defendant acted with reckless indifference to human life.

## DISCUSSION

### I

### *Senate Bill 1437*

Senate Bill 1437, which became effective on January 1, 2019, was enacted "to amend the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the

4

actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1(f).) The legislation accomplished this by amending sections 188 and 189 and adding section 1170.95 to the Penal Code.

Section 188, which defines malice, now provides, in part: "Except as stated in subdivision (e) of Section 189, in order to be convicted of murder, a principal in a crime shall act with malice aforethought. Malice shall not be imputed to a person based solely on his or her participation in a crime." (§ 188, subd. (a)(3).) Section 189, subdivision (e) now limits the circumstances under which a person may be convicted of felony murder: "A participant in the perpetration or attempted perpetration of a felony listed in subdivision (a) [(defining first degree murder)] in which a death occurs is liable for murder only if one of the following is proven: [¶] (1) The person was the actual killer. [¶] (2) The person was not the actual killer, but, with the intent to kill, aided, abetted, counseled, commanded, induced, solicited, requested, or assisted the actual killer in the commission of murder in the first degree. [¶] (3) The person was a major participant in the underlying felony and acted with reckless indifference to human life, as described in subdivision (d) of Section 190.2."

Senate Bill 1437 also added section 1170.95, which allows those "convicted of felony murder or murder under a natural and probable consequences theory [to] file a petition with the court that sentenced the petitioner to have the petitioner's murder conviction vacated and to be resentenced on any remaining counts when all of the following conditions apply: [¶] (1) A complaint, information, or indictment was filed against the petitioner that allowed the prosecution to proceed under a theory of felony murder or murder under the natural and probable consequences doctrine. [¶] (2) The petitioner was convicted of first degree or second degree murder following a trial . . . . [¶] (3) The petitioner could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a).)

5

Once a complete petition is filed, "[t]he court shall review the petition and determine if the petitioner has made a prima facie showing that the petitioner falls within the provisions of this section. If the petitioner has requested counsel, the court shall appoint counsel to represent the petitioner. The prosecutor shall file and serve a response within 60 days of service of the petition and the petitioner may file and serve a reply within 30 days after the prosecutor response is served. . . . If the petitioner makes a prima facie showing that he or she is entitled to relief, the court shall issue an order to show cause." (§ 1170.95, subd. (c).)

## II

### *Special Circumstance Finding*

Defendant argues the trial court erred when it relied on the record of conviction, including jury instructions, to deny his petition at the prima facie stage, contending his petition and declaration stated a valid prima facie case. He further contends that the trial court erred when it denied the petition on the ground that defendant was a major participant in the murder who acted with reckless indifference to human life. Specifically, he argues that under *Banks* and *Clark*, which were published after defendant's conviction and clarified and narrowed the definitions of "major participant" and "reckless indifference to human life," the trial evidence is now insufficient to prove defendant was a major participant who acted with reckless indifference to human life. Thus, while he notes that the Courts of Appeal are divided on this issue, defendant argues he is not barred from relief and is entitled to an order to show cause and evidentiary hearing under section 1170.95.

The People counter that because the jury found true the robbery-murder special circumstance, defendant is barred from section 1170.95 relief and must instead seek relief by way of a habeas corpus petition. The People also acknowledge that courts are split on the question of whether a defendant may properly challenge a pre-*Banks/Clark* special circumstance finding through a section 1170.95 petition. However, they argue the cases

6

concluding that a defendant must do so exclusively through a writ of habeas corpus, rather than a section 1170.95 petition, are correctly decided.

At the outset, we note that our Supreme Court has now answered the question, in the affirmative, whether the trial court may consider a defendant's record of conviction during a prima facie review of a section 1170.95 petition. (*People v. Lewis* (2021) 11 Cal.5th 952, 970-972.) "The record of conviction will necessarily inform the trial court's prima facie inquiry under section 1170.95, allowing the court to distinguish petitions with potential merit from those that are clearly meritless." (*Lewis, supra*, at p. 971.) Appellate opinions are generally considered to be part of the record of conviction. (*Id.* at p. 972.) Jury instructions may also be considered as part of the record of conviction. (*People v. Gomez* (2020) 52 Cal.App.5th 1, 16, review granted Oct. 14, 2020, S264033.) Thus, we conclude that the trial court here properly relied on defendant's record of conviction, including our prior opinion and defendant's jury instructions, in its prima facie review.

Next, contrary to defendant's argument, the *Banks* and *Clark* decisions did not pronounce new standards for the determination of "major participant" and "reckless indifference" such that the jury's finding is no longer determinative of that issue. "[T]here is no basis to conclude as a general matter that a pre-*Banks* and *Clark* jury was instructed differently than a post-*Banks* and *Clark* jury, or resolved different factual issues, answered different questions, or applied different standards. The mandatory instructions did not change, and the pre-*Banks* and *Clark* jury necessarily resolved the same factual issues beyond a reasonable doubt that a post-*Banks* and *Clark* jury would necessarily resolve beyond a reasonable doubt. [¶] Of course, jury findings in a final judgment are generally considered to be valid and binding unless and until they are overturned by collateral attack, regardless of whether they were subjected to appellate review. Nothing in *Banks* or *Clark* supports the automatic invalidation or disregard of

7

such findings by a properly instructed jury." (*People v. Nunez* (2020) 57 Cal.App.5th 78, 94, review granted Jan. 13, 2021, S265918.)

"The requirements for the felony-murder special circumstance did not change as a part of Senate Bill No. 1437, and are identical to the new requirements for felony murder following the enactment of Senate Bill No. 1437. In both instances, the defendant must have either actually killed the victim [citations]; acted with the intent to kill in aiding, abetting, counseling, commanding, inducing, soliciting, requesting, or assisting in the killing [citations]; or been a major participant in the underlying felony and acted with reckless indifference to human life [citations]. By finding a special circumstance allegation true, the jury makes precisely the same finding it must make in order to convict a defendant of felony murder under the new law. Because a defendant with a felony-murder special circumstance could still be convicted of murder, he is ineligible as a matter of law to have his murder conviction vacated. [Citation.]" (*People v. Galvan* (2020) 52 Cal.App.5th 1134, 1140-1141, review granted Oct. 14, 2020, S264284; see *People v. Jones* (2020) 56 Cal.App.5th 474, review granted Jan. 27, 2021, S265854; *People v. Gomez, supra*, 52 Cal.App.5th 1, rev.gr.; *People v. Murillo* (2020) 54 Cal.App.5th 160, review granted Nov. 18, 2020, S264978; *People v. Allison* (2020) 55 Cal.App.5th 449.)

We recognize some appellate courts have come to contrary conclusions and the issue is currently pending in our Supreme Court. (See *People v. Torres* (2020) 46 Cal.App.5th 1168, review granted June 24, 2020, S262011; *People v. Law* (2020) 48 Cal.App.5th 811, review granted July 8, 2020, S262490; *People v. Smith* (2020) 49 Cal.App.5th 85, review granted July 22, 2020, S262835; *People v. York* (2020) 54 Cal.App.5th 250, review granted Nov. 18, 2020, S264954; *People v. Harris* (2021) 60 Cal.App.5th 939, review granted Apr. 28, 2021, S267802.) We, however, find the *Galvan* line of cases more persuasive.

Section 1170.95 expressly limits evidentiary hearings to circumstances where a petitioner can demonstrate they "could not be convicted of first or second degree murder because of changes to Section 188 or 189 made effective January 1, 2019." (§ 1170.95, subd. (a)(3).) Because the special circumstance finding remains valid and binding, defendant still could be convicted of first degree murder, despite the changes to sections 188 and 189. Accordingly, we conclude that defendant's special circumstance finding renders him ineligible for relief under section 1170.95 as a matter of law.

## DISPOSITION

We affirm the order denying defendant's petition for resentencing.

                                                          _____KRAUSE_____, J.

We concur:

_____RAYE_____, P. J.

_____MAURO_____, J.

9